UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| K.C. Langford, | ) | |
| Petitioner, | ) | C/A No. 9:20-cv-01298-DCC-BM |
| | ) | |
| vs. | ) | |
| | ) | **Second Amended**[1] |
| | ) | **Petition For Writ of Habeas Corpus by a** |
| Donnie Stonebreaker, Jr., Warden, Evans | ) | **Person in State Custody (Verified)** |
| Correctional Institution, | ) | |
| Respondents. | ) | |
| | ) | |
| | ) | |
| | ) | |

K.C. Langford, a person in state custody, petitions this Court to grant him relief from his convictions and sentences pursuant to 28 U.S.C. § 2254. Mr. Langford files this petition in a substantially similar format to the form petition for writ of habeas corpus by a person in state custody available from this Court. In support of his petition, Mr. Langford states:

1. (a) Mr. Langford was convicted and sentenced by the Court of General Sessions, Eleventh Judicial Circuit, County of Edgefield.

---

[1] In ECF No. 11, Mr. Langford first amended his federal *habeas* petition to delete references to the State of South Carolina not appealing the order granting post-conviction relief in *Bryan Phillips v. State*, Case No. 2013-CP-19-00386 (ECF No. 1-2), as undersigned counsel mistakenly believed that the State had not appealed that order. That the State is appealing the order in Mr. Phillips case further militates in favor of staying this matter and holding in abeyance until the state courts have an opportunity to adjudicate the issues. *See* ECF No. 2. Mr. Langford has also amended his state court application for post-conviction relief to delete references to the State not appealing the order granting Mr. Phillips relief. *Compare* ECF No. 1-1 *with* ECF No. 11-1.

This second amended petition corrects the procedural history in ¶ 11(d)(1), adds a claim for relief in ¶ 12(VIII), and corrects the statute of limitations calculation in ¶ 18. This second amendment is proper under Fed. R. Civ. P. 15(a)(1)(B), as it comes within 21 days of the Warden amending his return. Citations to exhibits are updated to conform to the docket number. Minor scrivener's errors are corrected. Prior to filing this pleading, undersigned counsel has communicated with counsel for the Warden but has not received a response. Ex. 1.

(b)   The case numbers for Mr. Langford's convictions and sentences are 2008-GS-19-00674 (criminal conspiracy), 2010-GS-19-00272 (first-degree burglary), 2010-GS-19-00273 (armed robbery), and 2010-GS-19-00278 (kidnapping).  A.[2] 855-66.

2.   (a)  The date of the convictions is September 9, 2010.

(b)  The date of sentencing is September 9, 2010.

3.   The trial judge imposed concurrent sentences of five years for criminal conspiracy (2008-Gs-19-00673), twenty years for first-degree burglary (2010-GS-19-00272), twenty years for armed robbery (2010-GS-19-00273), and twenty years for kidnapping (2010-GS-19-00278).  A. 565, 855-66.

4.   The jurors convicted Mr. Langford of more than one crime.  A. 540-46.

5.   Please see numbers 1(b) and 3 above for the crimes for which Mr. Langford was convicted and sentenced.

6.   (a)  Mr. Langford's convictions followed pleas of not guilty.

(b)  Not applicable because Mr. Langford pled not guilty to all charges.

(c)  Mr. Langford had a jury trial.  A. 17-567.

7.   Mr. Langford did not testify during his trial.  Mr. Langford testified at his post-conviction relief hearing.  A. 622-87.

8.   Mr. Langford appealed his convictions and sentences.

9.   (a)   Name of court:  Mr. Langford appealed to the South Carolina Court of Appeals. Pursuant to Rule 204(b), SCACR, the Supreme Court of South Carolina certified the case.

(b)  Appellate Case Number: 2010-173128.

(c)  Result:  Convictions and sentences affirmed.  The Supreme Court of South Carolina declared unconstitutional S.C. Code § 1-7-330, which vested Solicitors with control of the General Session Court dockets.  The Supreme Court further held Mr. Langford did not suffer prejudice.  A. 766-85.

---

[2] "A." refers to the Appendix filed in the Supreme Court of South Carolina contemporaneously with Mr. Langford's petition for writ of certiorari to review the dismissal of his application for post-conviction relief in *Langford v. State of South Carolina,* Appellate Case No. 2017-001397.

(d)  Date of Result:  The Supreme Court filed its opinion November 21, 2012 (A. 766-85), denied cross-petitions for rehearing on December 20, 2012 (A. 786-88), and issued the Remittitur on December 20, 2012 (A. 789).

(e)  Citation to the case:  *State v. Langford*, 400 S.C. 421, 735 S.E.2d 471 (2012); *see also* A. 766-85 (S.C.S.Ct. Opinion No. 27195 (filed November 21, 2012)).

(f)  Grounds Raised:

    1)  Mr. Langford raised the following ground for relief in his Final Brief of Appellant:

       Did the trial court judge err when he did not dismiss Langford's case in May 2010 when Langford motioned for dismissal for violating his right to a speedy trial, and when the state sought a continuance of that trial so it could further pressure a formally cooperating co-defendant, who elected to assert his right to remain silent under the Fifth Amendment of the United States Constitution, into testifying for the state at the subsequent trial.

    2)  The Supreme Court of South Carolina stated the issues as follows:

       (i)      Is section 1-7-330 constitutional?

       (ii)     Did Langford suffer any prejudice as a result of the solicitor controlling when his case would be called for trial?

       *State v. Langford*, 400 S.C. 421, 432, 735 S.E.2d 471, 477 (2012); *see also* A. 770.

(g)  Mr. Langford sought review of the decision of the South Carolina Supreme Court.

    1)  Name of Court:  Supreme Court of the United States.

    2)  Case Number:  12-9564.[3]

    3)  Result:  Petition for writ of *certiorari* denied.

    4)  Date of Result:  October 7, 2013.

    5)  Citation:  *Langford v. South Carolina*, 571 U.S. 831 (2013).

    6)  Grounds Raised:

---

[3]  *See*  https://www.supremecourt.gov/Search.aspx?FileName=/docketfiles/12-9564.htm (last viewed April 1, 2020).

> Did the South Carolina Supreme Court err when it held that Langford, an indigent defendant who spent nearly 2 years in pre-trial detention, failed to establish he was prejudiced for purposes of analyzing his federal speedy trial right, even though Langford filed two pro se motions invoking his right to a speedy trial, and when the Solicitor, who controlled the docket system, simply did not call the case for trial because it was not prepared to go forward?

10. Other than the direct appeal, Mr. Langford sought relief through an application for post-conviction relief in the state courts of South Carolina.

11. Information about Mr. Langford's state court post-conviction relief cases.

    (a)  (1) Name of Court: Court of Common Pleas for Edgefield County.

        (2) Case Number: Case No. 2014-CP-19-00002.

        (3) Date of Filing: Mr. Langford filed his application for post-conviction relief on January 3, 2014 (A. 568-607) and supplemented it on January 13, 2017 (A. 608).

        (4) Nature of Proceeding: Application for post-conviction relief.

        (5) Grounds Raised:

10(a)(1)&11(a)(1) The Applicant was denied effective assistance of trial counsel by counsel's failure to object to the composition of the jury.

10(a)(2)&11(a)(2) The Applicant was denied effective assistance of trial counsel by counsel failing to ask for a continuance to obtain a certified interpreter.

10(a)(3)&11(a)(3) The applicant was denied effective assistance of trial counsel by counsel allowing the State to do a proffer, with the state's key witness (Alvin Phillips) on the witness stand, listening to the argument pertaining to the proffer.

10(a)(4)&11(a)(4) The Applicant was denied effective assistance of trial counsel by not securing the defense key witness (Joseph Patrick Stevens). Applicant was denied the right to confront his accuser.

10(a)(5)&11(a)(5) Trial counsel was ineffective for helping assist the state in laying the foundation for their case.

10(a)(6)&11(a)(6) The Applicant was denied effective assistance of trial counsel by counsel's failure to object to Officer Roosevelt Young testifying to hearsay testimony.

10(a)(7)&11(a)(7)  The Applicant was denied effective assistance of trial counsel by counsel asking co-defendant Alvin Phillips about the mandatory minimum of his charge.

10(a)(8)&11(a)(8)  The Applicant was denied effective assistance of trial counsel by counsel failing to object to the kidnapping indictment.

10(a)(9)&11(a)(9)  The Applicant was denied effective assistance of trial counsel by counsel arguing charges [Mr. Langford] was not on trial for.

10(a)(10)&11(a)(10)  The Applicant was denied effective assistance of trial counsel by counsel commenting on applicant's silence.

10(a)(11)&11(a)(11)  The Applicant was denied effective Assistance of trial counsel by failing to object to the Solicitor commenting on Applicant's silence.

10(a)(12)&11(a)(12)  The Applicant was denied effect[ive] assistance of trial counsel by [counsel] failing to object to Police Officer Roosevelt Young vouching for Joseph Stevens.

10(a)(13)&11(a)(13)  The Applicant was denied effective assistance of trial counsel by counsel quoting *Bible* scripture during closing argument.

10(a)(14)&11(a)(14)  Trial counsel was ineffective for failing to object to the Solicitor's vouching and bolstering for the credibility of numerous of its witnesses in closing argument.

10(a)(15)&11(a)(15)  The Applicant was denied effective assistance of trial counsel by trail counsel failing to object to premature deliberations by the jury.

10(a)(16)&11(a)(16)  The Applicant was denied effective assistance of appellate counsel for counsel failing to file a reply brief concerning inadmissible testimony presented at Applicant's trial.

10(a)(17)&11(a)(17)  The Applicant was denied the right to effective assistance of trial counsel due to counsel's cumulative errors.

10(b)(1)&11(b)(1)  Prosecution Misconduct:  By the Solicitor denying that a deal exist[ed] between the [State and] Applicant's co-defendant (Alvin Phillips).

10(b)(2)&11(b)(2)  Prosecution Misconduct:  By using inflammatory and irrelevant testimony in closing argument.

Supplemental Ground:  Applicant alleges that trial counsel failed to investigate two potential alibi witnesses, Veronica and Vanessa Phillips.

A. 568-608.

(6) Mr. Langford received and evidentiary hearing.  A. 616-750.

(7) Result:  The Honorable Eugene C. Griffith, Jr, dismissed this application.  A. 753-65.

(8) Date of result:  June 15, 2017.

(b)  Information about Mr. Langford's second application for post-conviction relief, which is being filed contemporaneously with this petition.  ECF No. 1-1, 11-1, 26-25 and 26-26.

(1) Name of Court:   The application is filed in the Court of Common Pleas for Edgefield County. ECF No. 26-25 and 26-26.

(2) Case Number:  2020-CP-19-00091.

(3) Date of Filing:  April 14, 2020.  Amendment filed on April 30, 2020.

(4) Nature of Proceeding: Application for Post-Conviction Relief.

(5) Grounds to be Raised:

10(a)  Mr. Langford was denied his right to the effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, §§ 3 and 14 of the South Carolina Constitution. *Strickland v. Washington*, 466 U.S. 668 (1984); *Smalls v. State*, 422 S.C. 174, 810 S.E.2d 836 (2018).

11(a)  Trial counsel's performance was deficient and prejudicial for the following reasons:

(i)  Trial counsel rendered deficient and prejudicial assistance of counsel by failing to obtain a certified Chinese interpreter.

(ii)  Trial counsel rendered deficient and prejudicial assistance of counsel by failing to object to the testimony of Investigator Roosevelt Young, including testimony that constituted hearsay and violated the Confrontation Clause.

10(b)  Mr. Langford was denied the right to effective assistance of appellate counsel, guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and by Article I, §§ 3 and 14 of the South Carolina Constitution.  *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Smith v. Robbins*, 528 U.S. 259 (2000); *Southerland v. State*, 337 S.C. 610, 524 S.E.2d 833 (1999); *Patrick v. State*, 349 S.C. 203, 562 S.E.2d 609 (2002).

6

11(b)  Appellate counsel's performance was deficient and prejudicial for the following reasons:

    (i)    Appellate counsel during the appeal of Mr. Langford's prior post-conviction relief case had a conflict of interest because of her representation of co-defendant Bryan Phillips during the direct appeal of his convictions and sentences. *State v. Phillips*, No. 2010-173307, 2012 WL 10907975 (S.C. Nov. 21, 2012). Counsel also had a conflict of interest because Mr. Langford's application for post-conviction relief alleged ineffective assistance of appellate counsel during the direct appeal of his convictions and sentences, when direct appeal counsel and post-conviction appellate counsel both worked for the South Carolina Commission on Indigent Defense, Appellate Division, during their respective representations of Mr. Langford. *See* The Spangenburg Group, *South Carolina Commission on Indigent Defense: Appellate Division Review, Final Report,* February 14, 2008, pp. 35-36, 47 (ECF No. 1-3).

    (ii)    Appellate counsel during the appeal of his prior post-conviction relief case abandoned issues that ultimately resulted in relief for co-defendant Bryan Phillips. *Bryan Phillips v. State*, Case No. 2013-CP-19-00386. ECF No. 1-2.

(6) Mr. Langford will request the post-conviction court to convene an evidentiary hearing.

(7) Result:  Not Applicable.

(8) Date of Result:  Not Applicable.

(c)  Not applicable because Mr. Langford has not filed a third petition, application or motion.

(d)  Appeals of state court applications for post-conviction relief:

(1) Mr. Langford appealed the dismissal of his PCR application to the Supreme Court of South Carolina, which transferred the case to the Court of Appeals of South Carolina. On October 8, 2019, the Court of Appeals of South Carolina denied Mr. Langford's petition for writ of *certiorari*. *Langford v. State,* Appellate Case No. 2017-001397. The Remittitur issued on October 23, 2019 and was failed in the Court of Common Pleas for Edgefield County on October 28, 2019. ECF No. 25-1.

(2) Not Applicable.

(e)  Mr. Langford appealed his first application for post-conviction relief to the Supreme Court of South Carolina.  Post-conviction appellate counsel raised a single issue, to wit:

> Did the PCR court err by not finding trial counsel ineffective for failing to conduct a sufficient investigation into Petitioner Langford's case by not interviewing the two alibi witnesses, Veronica and Vanessa Phillips, who testified at the PCR hearing that Petitioner Langford was with them during the incident on August 14, 2008?

> Mr. Langford plans to appeal his second application for post-conviction relief to the Supreme Court of South Carolina, if denied by the Court of Common Pleas.

12. Grounds for Federal Habeas Corpus Relief:

**I.**  **The trial court judge erred when he did not dismiss K.C. Langford's case in May 2010 when Mr. Langford motioned for dismissal for violating his right to a speedy trial, and when the state sought a continuance of that trial so it could further pressure a formally cooperating co-defendant, who elected to assert his right to remain silent under the Fifth Amendment of the United States Constitution, into testifying for the state at the subsequent trial.**

   **A.**  **Supporting Facts.**

The Supreme Court of South Carolina summarized the facts as follows:

> On August 14, 2008, Ji Quing Chen, along with his son, Li Guan Xin, and wife, Li Ai Ming, left the Chinese restaurant they own in Johnston, South Carolina, shortly after 10:00 p.m. and headed home. With them was a black bag containing the day's earnings.  When they arrived home, Ji Quing stayed outside to water some plants while his wife and son entered the house. As he was tending to his garden, three men wearing masks came out from the bushes, forced him to the ground, hit him, and took his wallet. Concerned that his father had not yet come inside, Li Guan stepped out onto the porch to check on him. Once he was outside, the men forced Li Guan to the ground and asked where the restaurant's money was. He told them it was in the house, and one of the men went inside to find it. That man returned shortly with the black bag, and all three of them ran off. Because the men wore masks, the victims were unable to provide a useful description to law enforcement. Moreover, it does not appear the men left any forensic evidence during the commission of these crimes.

> Investigators eventually met with Alvin Phillips, who in a statement dated September 28, 2008, confessed that he was one of the men who robbed the family. He further identified his cousin and Langford as the two remaining suspects. In the absence of an eye-witness identification and forensic evidence, Phillips' statement was the only evidence implicating the other men. Langford was arrested shortly thereafter on October 3, and he was

indicted for criminal conspiracy a few months later in December 2008. However, he was not indicted for armed robbery, first degree burglary, and kidnapping until May 5, 2010, nineteen months following his arrest. He would remain incarcerated until his trial.

The State attributed the delay in procuring these indictments to difficulties in finding Chinese interpreters to translate what Ji Quing and his family, none of whom spoke English well, were relaying to investigators. Furthermore, Phillips retracted his statement implicating Langford while the two of them were housed in the same detention facility. He did so first in a signed statement dated January 29, 2009. On March 31, 2009, he signed another statement wherein he attested that the original statement he made to police in September 2008 was not true and he was not in the "right state of mind" when he made it. According to the State, Langford and his co-defendant pressured Phillips into recanting. In fact, Phillips testified Langford even brought him these later statements to sign. To avoid further intimidation, Phillips was moved to another facility. At some point thereafter, although it is not clear when, Phillips again agreed to testify against Langford.

On June 29, 2009, nearly nine months after he was taken into custody, Langford made what appears to be a *pro se* motion for a speedy trial. A hearing was held on May 17, 2010, and Langford renewed his motion at that time and joined it with a motion to dismiss.[1] This was the date on which the State originally planned to try Langford and his co-defendant, with Phillips serving as a cooperating witness who would testify against them. But the State received word that morning that Phillips decided to invoke his privilege against self-incrimination and would not testify at the trial. Allegedly, this was due to pressure Langford and Phillips' cousin continued to exert on him even after his transfer. Phillips now would not be available for cross-examination at trial, and the State therefore could not use his prior statement implicating Langford.[2] Because the State's case against Langford rested almost exclusively on Phillips' statement, without it the State effectively was prevented from going forward.

To remedy the situation, the State needed to try Phillips first or, presumably, obtain a guilty plea with the attendant waiver of his right to remain silent. However, Phillips had retained new counsel just eight days prior to the hearing who understandably was not ready to move forward during that term of court. The State therefore requested a continuance so it could proceed against Phillips at the next available opportunity, at which point it would then be able to try Langford. Although the court was "deeply concerned" by the twenty-month delay in the case, it found that "[n]one of this delay was occasioned by any impropriety on the part of the State." It also recognized that, for all intents and purposes, the State could not proceed in the absence of Phillips' testimony. The court accordingly denied Langford's motion to dismiss and granted the State a continuance. However, cognizant of the delays which had already accrued, the court ordered the State to try Langford within nine months, and it further

directed that Langford could renew his motion at that time if the State failed to do so.[3]

Phillips pled guilty in August 2010 and once again agreed to testify for the State. Langford's case was then called for trial on September 7, 2010, nearly two years after his arrest.[4] The jury convicted Langford on all four charges, and the court sentenced him to twenty years' imprisonment on the armed robbery, kidnapping, and first degree burglary charges, and five years' imprisonment on the civil conspiracy charges, all to run concurrently. This appeal followed. After the appeal was perfected, the court of appeals granted permission for the South Carolina Public Defender Association to file an amicus curiae brief challenging the constitutionality of section 1–7–330. This case subsequently was certified to us pursuant to Rule 204(b), SCACR.

*State v. Langford*, 400 S.C. 421, 429-32, 735 S.E.2d 471, 475-77 (2012); *see also* A. 767-69.

**B.     Exhaustion.**

Mr. Langford exhausted his remedies regarding this claim.

**C.     Direct Appeal.**

As set forth in number 9(f)(i) above, Mr. Langford raised this issue in his Final Brief of Appellant.

**D.     Post-Conviction Proceedings.**

Mr. Langford did not raise this claim in an application for post-conviction relief.

**E.     Other Remedies.**

Mr. Langford did not use any other remedies to exhaust this claim.

**II.     K.C. Langford was prejudiced by solicitor docket control, which violates due process guaranteed by the Fourteenth Amendment to the United States Constitution, when the State sought a continuance of that trial so it could further pressure a formally cooperating co-defendant, who elected to assert his right to remain silent under the Fifth Amendment of the United States Constitution, into testifying for the state at the subsequent trial.**

**A.     Supporting Facts.**

Please see Ground I above for a summary of facts as set forth by the Supreme Court of South Carolina.

**B.**    **Exhaustion.**

Mr. Langford exhausted his remedies regarding this claim.

**C.**    **Direct Appeal.**

As set forth in number 9(f)(ii) above, the Supreme Court of the South Carolina addressed this issue is its written opinion. After holding solicitor docket control unconstitutional under Article I, § 8 of the South Carolina Constitution, the Court held Mr. Langford did not suffer prejudice. That solicitor docket control violates due process was raised by the Brief of *Amicus Curie* South Carolina Public Defender Association.[4] A. 790-828.

**D.**    **Post-Conviction Proceedings.**

Mr. Langford did not raise this claim in an application for post-conviction relief.

**E.**    **Other Remedies.**

Mr. Langford did not use any other remedies to exhaust this claim.

**III.**    **The PCR court erred by not finding trial counsel ineffective for failing to conduct a sufficient investigation into K.C. Langford's case by not interviewing the two alibi witnesses, Veronica Phillips and Vanessa Phillips, who testified at the PCR hearing that Mr. Langford was with them during the incident on August 14, 2008.**

**A.**    **Supporting Facts.**

Two alibi witnesses, Veronica Phillips (A. 687-708) and Vanessa Phillips (A. 708-15) testified at the PCR hearing that Petitioner Langford was with them during the incident on August 14, 2008.

**B.**    **Exhaustion.**

---

[4] Undersigned counsel represented the South Carolina Public Defender Association as *amicus curie* in support of Mr. Langford's direct appeal. A. 790.

Mr. Langford exhausted his remedies regarding this claim.

### C.     Direct Appeal.

Mr. Langford did not raise this issue during his direct appeal.

### D.     Post-Conviction Proceedings.

Mr. Langford raised this issue in his application for post-conviction relief and presented it to the Supreme Court of South Carolina in a petition for writ of *certiorari*.

### E.     Other Remedies.

Mr. Langford did not use any other remedies to exhaust this claim.

## IV.     Trial counsel rendered deficient and prejudicial assistance of counsel by failing to obtain a certified Chinese interpreter.

### A.     Supporting Facts.

Trial counsel rendered deficient and prejudicial assistance of counsel by failing to obtain a certified Chinese interpreter.

### B.     Exhaustion.

Mr. Langford has not exhausted this claim because his court appointed appellate counsel during the appeal of his first post-conviction relief case had a conflict of interest because of her representation of co-defendant Bryan Phillips during the direct appeal of his convictions and sentences. *State v. Phillips*, No. 2010-173307, 2012 WL 10907975 (S.C. Nov. 21, 2012). Counsel abandoned this issue that ultimately resulted in relief for co-defendant Bryan Phillips. *Bryan Phillips v. State*, Case No. 2013-CP-19-00386. ECF No. 1-2.

### C.     Direct Appeal.

Mr. Langford did not present this claim during his direct appeal.

### D.     Post-Conviction Proceedings.

Mr. Langford raised this issue in paragraphs 10(a)(2)&11(a)(2) if his first application for post-conviction relief. Court appointed appellate counsel during the appeal, who had a conflict of interest, abandoned this issue that ultimately resulted in relief for co-defendant Bryan Phillips. *Bryan Phillips v. State*, Case No. 2013-CP-19-00386 (ECF No. 1-2).

### E.    Other Remedies.

This claim will be presented in a successive application for post-conviction relief that is being filed in the Court of Common Pleas for Edgefield County contemporaneously with this petition. ECF No. 1-1, 11-1, 26-25, and 26-26.

## V.    Trial counsel rendered deficient and prejudicial assistance of counsel by failing to object to the testimony of Investigator Roosevelt Young, including testimony that constituted hearsay and violated the Confrontation Clause.

### A.    Supporting Facts.

Mr. Langford's co-defendant called Investigator Young. "In presenting Young's testimony, [the co-defendant] succeeded only in providing an additional connection between [the defendants] and the alleged crime when the only other connection, Alvin Phillips' testimony, had been weakened by cross-examination and the introduction in evidence of Alvin Phillip's statement that Phillips and Langford had not participate in the alleged crime." ECF No. 1-2, p. 6. Investigator Young's testimony of an informant (Stevens) who did not testify at trial. "The Government could not have used Young's testimony about the statement of the informant, Stevens, because testimony by Young on that point would have been double hearsay." *Id.* Mr. Langford's trial counsel did not object.

Mr. Langford was prejudiced by Investigator Young's testimony. "Young testified to the effect that Stevens was acting as a good citizen." ECF No. 1-3, p. 8. "This testimony and Young's

testimony about Stevens' statement figured prominently in the government's closing argument."
*Id.*

### B.    Exhaustion.

Mr. Langford has not exhausted this claim because his court appointed appellate counsel during the appeal of his first post-conviction relief case had a conflict of interest because of her representation of co-defendant Bryan Phillips during the direct appeal of his convictions and sentences. *State v. Phillips*, No. 2010-173307, 2012 WL 10907975 (S.C. Nov. 21, 2012). Counsel abandoned this issue that ultimately resulted in relief for co-defendant Bryan Phillips. *Bryan Phillips v. State*, Case No. 2013-CP-19-00386. ECF No. 1-2.

### C.    Direct Appeal.

Mr. Langford did not present this claim during his direct appeal.

### D.    Post-Conviction Proceedings.

Mr. Langford raised this issue in paragraphs 10(a)(4)&11(a)(4) and 10(a)(6)&11(a)(6) if his first application for post-conviction relief. Court appointed appellate counsel during the appeal, who had a conflict of interest, abandoned this issue that ultimately resulted in relief for co-defendant Bryan Phillips. *Bryan Phillips v. State*, Case No. 2013-CP-19-00386 (ECF N0. 1-2).

### E.    Other Remedies.

This claim will be presented in a successive application for post-conviction relief that is being filed in the Court of Common Pleas for Edgefield County contemporaneously with this petition. ECF No. 1-1, 11-1, 26-25, and 26-26.

**VI.    Appellate counsel during the appeal of Mr. Langford's prior post-conviction relief case had a conflict of interest because of her representation of co-defendant Bryan Phillips during the direct appeal of his convictions and sentences. *State v. Phillips*, No. 2010-173307, 2012 WL 10907975 (S.C. Nov. 21, 2012). Counsel also had a conflict of interest because Mr. Langford's application for post-conviction relief alleged ineffective assistance of appellate counsel during the direct appeal of his convictions and sentences,**

**when direct appeal counsel and post-conviction appellate counsel both worked for the South Carolina Commission on Indigent Defense, Appellate Division, during their respective representations of Mr. Langford.** *See* The Spangenburg Group, *South Carolina Commission on Indigent Defense: Appellate Division Review, Final Report,* **February 14, 2008, pp. 35-36, 47 (ECF No. 1-3).**

**A.    Supporting Facts.**

Appellate counsel during the appeal of Mr. Langford's prior post-conviction relief case had a conflict of interest because of her representation of co-defendant Bryan Phillips during the direct appeal of his convictions and sentences. *State v. Phillips*, No. 2010-173307, 2012 WL 10907975 (S.C. Nov. 21, 2012). When counsel represented Mr. Phillips during his direct appeal and Mr. Langford during the appeal of his first application for post-conviction relief, she was employed by the South Carolina Commission on Indigent Defense ("SCCID") in the Appellate Division. Mr. Langford's direct appeal counsel was also employed by SCCID"s Appellate Division . SCCID and the Appellate Division long have been on notice to avoid conflicts under these circumstances. *See* The Spangenburg Group, *South Carolina Commission on Indigent Defense: Appellate Division Review, Final Report,* February 14, 2008, pp. 35-36, 47 (ECF No. 1-3).

**B.    Exhaustion.**

Mr. Langford has not exhausted this claim.

**C.    Direct Appeal.**

Mr. Langford did not present this claim during his direct appeal.

**D.    Post-Conviction Proceedings.**

Mr. Langford did not raise this issue in his first application for post-conviction relief because the conflict of interest did not arise until the appeal. Mr. Langford did not raise this issue during the appeal of his first application for post-conviction relief because he was not aware of the conflict of interest until undersigned counsel explained it to him.

**E.    Other Remedies.**

This claim will be presented in a successive application for post-conviction relief that is being filed in the Court of Common Pleas for Edgefield County contemporaneously with this petition.  ECF No. 1-1, 11-1, 26-25, and 26-26.

**VII.    Appellate counsel during the appeal of his prior post-conviction relief case abandoned issues that ultimately resulted in relief for co-defendant Bryan Phillips.** *Bryan Phillips v. State***, Case No. 2013-CP-19-00386.**

**A.    Supporting Facts.**

Appellate counsel during the appeal of his prior post-conviction relief case abandoned issues that ultimately resulted in relief for co-defendant Bryan Phillips.  *Bryan Phillips v. State*, Case No. 2013-CP-19-00386.  ECF No. 1-2.

**B.    Exhaustion.**

Mr. Langford has not exhausted this claim.

**C.    Direct Appeal.**

Mr. Langford did not raise this claim during his direct appeal.

**D.    Post-Conviction Proceedings.**

Mr. Langford did not raise this issue in his first application for post-conviction relief because the conflict of interest did not arise until the appeal.  Mr. Langford did not raise this issue during the appeal of his first application for post-conviction relief because he was not aware of the conflict of interested until undersigned counsel explained it to him.

**E.    Other Remedies.**

This claim will be presented in a successive application for post-conviction relief that is being filed in the Court of Common Pleas for Edgefield County contemporaneously with this petition.  ECF No. 1-1, 11-1, 26-25, and 26-26.

VIII. **Trial counsel rendered deficient and prejudicial assistance of counsel by bailing to object to improper testimony and improper closing arguments that bolstered or vouched for the credibility of the prosecution's non-testifying informant, Joseph Patrick Stevens, and testifying witnesses, Investigator Roosevelt Young and Alvin Phillips.**

**A. Supporting Facts.**

During Mr. Langford's joint jury trial, counsel for co-defendant Bryan Phillips called Johnston Police Department Investigator Roosevelt Young to testify about statements made by police informant Joseph Patrick Stevens, who did not testify at trial. Counsel for the co-defendant had Investigator Young confirm Mr. Stevens is "a good citizen" who identified K.C. Langford, Bryan Phillips, and Alvin Phillips as the suspects in this case. Mr. Phillip's counsel asked, "So out of the goodness of Joseph Patrick Stevens' heart, he just called you and gave you some information?" Investigator Young responded, "Yes, sir. I was sitting in my office and my phone rang. I didn't expect anything from him." Mr. Langford's trial counsel did not object to any of this testimony. A. 385-95.

On cross-examination, the Solicitor had Investigator Young confirm Alvin Phillips' statement "was spot on with what your got from the confidential informant [Stevens], they matched up exactly." The Solicitor also had the investigator confirm "Joseph Patrick Stevens [gave] you the information that solve[d] this case." Mr. Langford's trial counsel did not object to this testimony.[5] A. 396-401.

During closing arguments, Mr. Phillips counsel stated:

> My good friend, Mr. Roosevelt Young, he indicated to you that Mr. Stevens was just a good Samaritan. He just wanted him to know.

---

[5] Mr. Langford's trial counsel did object to the prosecutor asking Investigator Young asking leading questions, which was overruled because the Solicitor was on cross-examination. A. 398.

> Ladies and gentlemen, he is a very good witness and I couldn't really shake him on that.

A. 471.  Mr. Langford's trial counsel did not object.

During the State's closing argument, the Solicitor emphasized Mr. Stevens called investigator Young and "gave him accurate information" about Mr. Langford and his co-defendants.  The Solicitor next talked about the virtues of Alvin Philips testifying for the state.  In the process, the Solicitor vouched for the credibility of Alvin Phillips and Joseph Patrick Stevens.  Mr. Langford's trial counsel did not object.  A. 493-507.

The South Carolina appellate courts consistently prohibit vouching and improper bolstering.  The Supreme Court of South Carolina explained:

> Improper vouching occurs when the prosecution places the government's prestige behind a witness by making explicit personal assurances of a witness' veracity, or where a prosecutor implicitly vouches for a witness' veracity by indicating information not presented to the jury supports the testimony. Vouching occurs when a prosecutor implies he has facts that are not before the jury for their consideration.

*State v. Shuler*, 344 S.C. 604, 630, 545 S.E.2d 805, 818 (2001) (internal citations omitted); *see also State v. Wright*, 269 S.C. 414, 417, 237 S.E.2d 764, 766 (1977) ("It is axiomatic that the credibility of the testimony of these witnesses is for the jury."); *and see Mangal v. Warden, Perry Corr. Inst.*, No. CV 6:18-106-RBH-KFM, 2019 WL 7461668 (D.S.C. Dec. 18, 2019) (granting habeas relief when trial counsel failed to object to improper bolstering), *report and recommendation adopted,* No. 6:18-CV-00106-RBH, 2020 WL 42859 (D.S.C. Jan. 3, 2020)

Improper vouching can occur in three ways.  First, "[t]he manner of questioning by the State" can constitute improper vouching when "the jury could have perceived that the assistant solicitor held the opinion that [the witness] was, in fact, telling the truth."  *State v. Kelly*, 343 S.C. 350, 369, 540 S.E.2d 851, 860–61 (2001), *reversed on other grounds by Kelley v. South Carolina,*

534 U.S. 246 (2002). Second, our appellate courts steadfastly prohibit a witness from vouching for the credibility of another witness. *E.g. State v. Kromah*, 401 S.C. 340, 737 S.E.2d 490 (2013) (testimony by forensic interviewer of victim that victim had given a "compelling finding" of child abuse was inadmissible); *State v. Jennings*, 394 S.C. 473, 716 S.E.2d 91 (2011) (error in admitting portions of forensic interviewer's written reports that contained improper vouching was not harmless); *State v. Dawkins*, 297 S.C. 386, 377 S.E.2d 298 (1989) (psychiatrist's testimony that alleged victim's "symptoms are genuine" improperly vouched for credibility); *State v. McKerley,* 397 S.C. 461, 725 S.E.2d 139 (Ct. App. 2012) (testimony of forensic interviewer who conducted interviews with complainant indicated belief in complainant's truthfulness and was thus inadmissible); *South Carolina Dept. of Social Services v. Lisa C.,* 380 S.C. 406, 669 S.E.2d 647 (Ct. App. 2008) (testimony of therapist indicating "Child gave a consistent disclosure and that as a result of that conclusion she recommended therapy" improperly bolstered Child's credibility); *State v. Dempsey,* 340 S.C. 565, 532 S.E.2d 306 (Ct. App. 2000) (testimony from a child abuse counselor that child tells the truth 95% to 99% percent of time abuse is alleged improperly vouches for child's credibility). Third, improper vouching can occur during the prosecutions opening statement or closing argument. *E.g. Tappeiner v. State*, 416 S.C. 239, 785 S.E.2d 471 (2016) (solicitor improperly vouched for credibility of child victim during closing argument); *Gilchrist v. State*, 350 S.C. 221, 565 S.E.2d 281 (2002) (state improperly vouched for witness's credibility in its opening statement).

Under the standard of review, this Court must also consider this claim in connection with trial counsel's failure to object to the testimony of Investigator Young about informant Stevens that was inadmissible hearsay and violated the Confrontation Clause.

**B. Exhaustion.**

Mr. Langford has not exhausted this claim.

**C.  Direct Appeal.**

Mr. Langford did not raise this claim during his direct appeal.

**D.  Post-Conviction Proceedings.**

Paragraphs 10(a)(12)&11(a)(12) of Mr. Langford's PCR application alleged his trial counsel was constitutionally deficient for failing to object to Johnston Police Department Investigator Roosevelt Young vouching for non-testifying police informant, Joseph Patrick Stevens.  Paragraphs 10(a)(14)&11(a)(14) of his PCR application alleged his trial counsel was constitutionally deficient for failing to object to the Solicitor's vouching and bolstering for the credibility of numerous of its witnesses in closing argument.  At the PCR evidentiary hearing, Mr. Langford testified his trial counsel should have objected to Investigator Young testifying at all.  A. 635-36.  He also testified "the prosecutor basically bolstered things that Joseph Stevens said without Joseph Stevens actually testifying," A. 639-40, and "tried to bolster his case by talking credibility of numerous witnesses," A. 644.  The PCR court's order of dismissal contains a heading stating, "Allegation #9: Failure to object to prosecutor commenting on Applicant's silence & bolstering Steven's testimony," but the text of the that section does not address either one of the issues raised by Mr. Langford's PCR application.  A. 761-62.  Nor does the order of dismissal address these issues at all.  The PCR court was required to make findings of fact and conclusions of law on all issues raised by Mr. Langford's PCR application, and the PCR counsel was obligated to obtain a ruling on these issues by filing a Rule 59(e), SCRCP.  *Fishburne v. State*, 427 S.C. 505, 516, 832 S.E.2d 584, 589–90 (2019) (When the PCR order does not address all claims raised by the applicant, "a timely Rule 59(e) motion should be filed, requesting the PCR court to address the appropriate issues."); *McCray v. State*, 305 S.C. 329, 329, 408 S.E.2d 241, 241 (1991).  This Court

can consider this issue pursuant to *Martinez*, *v. Ryan*, 566 U.S. 1 (2012) and *Coleman v. Thompson*, 501 U.S. 722 (1991).

**E. Other Remedies.**

Mr. Langford did not use any other remedies to exhaust this claim.

13. (a)  Grounds I, II, and III have been presented to the Supreme Court of South Carolina. Grounds IV, V, VI, VII, and VIII have not been presented to the Supreme Court of South Carolina.

(b)  Grounds I-V and VII were presented in Mr. Langford's first application for post-conviction relief.  Grounds VI and VII will be presented in a successive application for post-conviction relief that is being filed in the Court of Common Pleas for Edgefield County contemporaneously with this petition.  ECF No. 1-1, 11-1, 26-25, and 26-26.

14. Mr. Langford has not filed any type of petition, application, or motion in federal court regarding the convictions and sentences challenged in this petition.

15. Grounds VI and VII will be presented in a successive application for post-conviction relief that is being filed in the Court of Common Pleas for Edgefield County contemporaneously with this petition.  ECF No. 1-1, 11-1, 26-26, and 26-26.  The case number will be provided when it is available.

16. The names and addresses of each attorney that previously represented Mr. Langford are as follows:

(a)  At preliminary hearing:  Not Applicable.

(b) At arraignment and plea:  Same as trial.

(c) At trial:  Mark R. Calhoun represented Mr. Langford during his jury trial.

(d) At sentencing:  Same as trial.

(e) On Appeal:  Elizabeth A. Franklin-Best, Elizabeth Franklin-Best, P.C., 2725 Devine Street, Columbia, SC 29205, and Breen Stevens, First Circuit Public Defender Orangeburg County Courthouse, PO Box 1112, Orangeburg, SC 29116-1112, represent Mr. Langford during his direct appeal to the Supreme Court of South Carolina.  Ms. Franklin-Best represented Mr. Langford on appeal to the Supreme Court of the United States.

Ms. Franklin-Best represented Mr. Langford on appeal to the Supreme Court of the United States.

(f) In any post-conviction proceeding: Charles T. Brooks, III, Law Office of Charles T. Brooks, III, 309 Broad St., Sumter, SC 29150, represented Mr. Langford at the evidentiary hearing in the prior post-conviction relief case.

(g) On appeal from any ruling in a post-conviction proceeding: LaNelle Cantey DuRant, 1668 Lamar Cantey Drive, Manning, SC 29102, formally of the Appellate Division of the South Carolina Commission on Indigent Defense, represented Mr. Langford during the appeal of his prior post-conviction relief case.

Undersigned counsel represents Mr. Langford in his successive application for post-conviction relief that is being filed in the Court of Common Pleas for Edgefield County contemporaneously with this petition. ECF No. 1-1, 1-1, 26-25, and 26-26.

17. Mr. Langford does not have any future sentence to serve after he completes the sentence for the judgement challenged in this petition.

18. Timeliness of Petition: The Supreme Court of South Carolina issued a ruling on Mr. Langford's direct appeal on November 21, 2012. Mr. Langford filed a timely petition for writ of *certiorari* with the Supreme Court of the United States on March 18, 2013. That petition was denied on October 7, 2013.

Eighty-eight days after his direct appeal became final, Mr. Langford filed his application for post-conviction relief on January 3, 2014. Thus, the limitations period under the Antiterrorism and Effective Death Penalty Act was tolled until October 28, 2019, when the Court of Common Pleas for Edgefield County Supreme filed the Remittitur. ECF No. 25-1. Therefore, Mr. Langford's deadline for filing a Petition for Writ of Habeas Corpus is July 31, 2020, rendering this petition, including amendments, timely.

WHEREFORE, K.C. Langford asks that the Court issue an order to have him brought before it, to the end that he may be discharged from the unconstitutional confinement and restraint and grant such other relief as may be necessary and appropriate.

Respectfully submitted,

By s/ *E. Charles Grose, Jr.*
E. CHARLES GROSE, JR.
Federal Court ID: 6072
The Grose Law Firm, LLC
400 Main Street
Greenwood, SC 29646
charles@groselawfirm.com
(864) 538-4466

July 30, 2020
Greenwood, South Carolina

VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct. Executed by counsel for Petitioner on July 30, 2020.

By: s/*E. Charles Grose, Jr.*